**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                     )
      v.            )      I.D. No. 1608014407
                     )
IDREES MERRITT,        )
                     )
     Defendant.     )

Submitted: March 6, 2024
Decided: March 8, 2024

*Upon Defendant Idrees Merritt's Motion for Reargument*
**DENIED.**

**<u>ORDER</u>**

Idrees Merritt, SBI# 00657028, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, *pro se.*

Cari Chapman, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State of Delaware.

**WHARTON, J.**

This 8th day of March 2024, upon consideration of Defendant Idrees Merritt's ("Merritt") Motion for Reargument[1] of the Court's order summarily dismissing his Request for an Immediate Hearing under 11 *Del. C.* § 408, which the Court treated as a motion for postconviction relief, and the record in this matter, it appears to the Court that:

1. On February 28, 2024, this Court summarily dismissed Merritt's Request for Immediate Hearing under 11 *Del. C.* § 408.[2] Merritt's filing "request[ed] an immediate hearing based upon the provisions of 11 *Del. C.* § 408."[3] He claimed that:

   (i) Having accepted the plea under § 408, it was reasonably understood as a stipulation of the plea that Merritt would serve his sentence at Delaware Psychiatric Center. Furthermore…

   (a) It was the advice and persuasion of counsel that Defendant would serve sentence at DPC…Therefore

   (ii) The Plea shall be subjected to withdrawal as the State has not abided the conditions of the plea.[4]

2. The Court interpreted Merritt's Request as an attempt to withdraw his guilty but mentally ill plea.[5] It applied Superior Court Criminal Rule 61 which provides that after imposition of sentence, a plea made be set aside only by motion

---

[1] D.I. 34.
[2] *State v. Merritt,* 2024 WL 862448 (Del. Super. Ct. Feb. 28, 2024).
[3] D.I. 30.
[4] *Id.*
[5] Merritt, 2024 WL 862448, at *1.

under Superior Court Criminal Rule 61.[6] Further, the Court noted that Rule 61 is the exclusive remedy for inmates seeking to set aside a judgment of conviction on any ground that is a sufficient factual and legal basis for a collateral attack on a criminal conviction.[7] Accordingly, the Court treated Merritt's request as a motion under Rule 61 and summarily dismissed it as time-barred and successive under Rules 61(i)(1) and (2).[8]

3. Merritt's reargument motion disputes the Court's characterization of his request.[9] Merritt characterizes it as simply a request to see if the Court would review the proceedings leading to his plea.[10]

4. Pursuant to Superior Court Civil Rule 59(e),[11] a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[12] A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or present new arguments not previously raised.[13] Therefore, to succeed on such a

---

[6] *Id*.
[7] *Id.*
[8] *Id.* at *1-2.
[9] D.I. 34.
[10] *Id.*
[11] Made applicable by Superior Court Criminal Rule 57.
[12] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).
[13] *See Reid*, 2008 WL 2943373, at *1 (citations omitted).

motion, the moving party has the burden of demonstrating the existence of newly discovered evidence, a change in the law, or manifest injustice.[14]

5.  The Court has reviewed the Motion for Reargument and finds that it meets none of the above criteria. In its February 28th Order, the Court did not "overlook controlling legal principles." It did not misapprehend the facts, much less misapprehend facts that would change the outcome of the Court's decision. Finally, Merritt does not demonstrate the existence of newly discovered evidence, a change in the law, or manifest injustice. The Motion for Reargument merely rehashes issues previously decided by the Court in its February 28th decision. The purpose of the hearing Merritt requested, as he says, was to review the proceedings leading to his plea. But, the Court does not review proceedings idly. It does so for a purpose. Here, that purpose potentially was to "subject the plea to withdrawal." That type of request is an attempt to set aside a judgment of conviction and must be made exclusively by motion under Rule 61.

**THEREFORE**, Defendant Idrees Merritt's Motion for Reargument **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:  Prothonotary
cc:  Investigative Services

---

[14] *Id.*